The Honorable Jim Howerton State Representative, District 120 State Capitol Building Jefferson City, MO 65101
Dear Representative Howerton:
This opinion letter is in response to your questions concerning the application of the Sunshine Law to the board of directors of a hospital district. Your questions can be summarized as follows:
 1. Is the hospital district's board of directors required by the Sunshine Law to specifically state before voting to go into closed session the reason(s) for going into closed session?
 2. Is it sufficient to state the reason(s) for going into closed session by reference to the statutory section permitting closure of the meeting (i.e. subsections 1, 2, and 3 of Section 610.021, RSMo 1994) or is it necessary to state the reason(s) by using the language of the statute (i.e. legal actions; purchase of real estate; hiring, firing, disciplining or promoting particular employees)?
 3. Is it legally permissible under the Sunshine Law for the hospital district's board of directors to discuss in closed session the terms of a proposed contract between the district and a group of private physicians relating to the management of the hospital?
Your questions relate to Chapter 610, RSMo, which is commonly referred to as the Missouri Sunshine Law. Section 610.022, RSMo 1994, provides guidance on the procedure for closing a meeting. Such section provides in part:
 610.022. Closed meetings, procedure and limitation — public records presumed open unless exempt. — 1. Except as set forth in subsection 2 of this section, no meeting or vote may be closed without an affirmative public vote of the majority of a quorum of the public governmental body. The vote of each member of the public governmental body on the question of closing a public meeting or vote and the specific reason for closing that public meeting or vote by reference to a specific section of this act shall be announced publicly at an open meeting of the governmental body and entered into the minutes.
 2. A public governmental body proposing to hold a closed meeting or vote shall give notice of the time, date and place of such closed meeting or vote and the reason for holding it by reference to the specific exception allowed under the provisions of section 610.021. Such notice shall comply with the procedures set forth in section 610.020 for notice of a public meeting.
 3. Any meeting or vote closed pursuant to section 610.021 shall be closed only to the extent necessary for the specific reason announced to justify the closed meeting or vote. Public governmental bodies shall not discuss any business in a closed meeting, record or vote which does not directly relate to the specific reason announced to justify the closed meeting or vote. [Emphasis added.]
* * *
Your first question is answered by the language of Section610.022. Subsection 2 requires a public governmental body proposing to hold a closed meeting to give notice of "the reason for holding it by reference to the specific exception" allowing the meeting to be closed. Subsection 1 requires "the specific reason for closing that public meeting . . . by reference to a specific section" to be announced publicly at an open meeting. In answer to your question, before going into the closed session, the reason for closing the meeting by reference to the specific exception allowing closure would be set forth in the notice of the proposed meeting and announced publicly at the open meeting where the members vote on the question of closing the meeting.
Your second question asks if the reason for going into closed session may be stated by reference to the statutory section permitting closure. In describing the requirement that the reason for closing the meeting be stated, subsections 1 and 2 of Section610.022 refer to "by reference to a specific section of this act" and "by reference to the specific exception allowed under the provisions of section 610.021." Where the language of a statute is clear, courts give effect to the language as written. KearneySpecial Road District v. County of Clay, 863 S.W.2d 841, 842 (Mo. banc 1993). Courts are without authority to read into a statute a legislative intent contrary to the intent made evident by the plain language. Id. In the situation about which you are concerned, the applicable statutory provisions allow the reason for going into closed session to be stated by reference to the statutory section permitting closure of the meeting. For example, expressing the reason for closing a meeting by stating the reason as being "subsections 1, 2 and 3 of Section 610.021" would comply with the plain language of the statutory requirement.
Your final question asks if the hospital district's board of directors may discuss in closed session the terms of a proposed contract between the district and a group of private physicians relating to the management of the hospital. We have not been provided enough facts to give a direct answer to your question. Section 610.021, RSMo 1994, in 15 subsections, lists the permissible reasons for closing a meeting. Included among the subsections are the following:
 (1) Legal actions, causes of action or litigation involving a public governmental body and . . . .
 (2) Leasing, purchase or sale of real estate by a public governmental body where public knowledge of the transaction might adversely affect the legal consideration therefor. . . .
 (3) Hiring, firing, disciplining or promoting of particular employees by a public governmental body when personal information about the employee is discussed or recorded. . . .
* * *
 (8) Welfare cases of identifiable individuals;
 (9) Preparation, including any discussions or work product, on behalf of a public governmental body or its representatives for negotiations with employee groups;
* * *
(12) Sealed bids and related documents. . . .
 (13) Individually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment, . . . .
 (14) Records which are protected from disclosure by law;
 (15) Meetings and public records relating to scientific and technological innovations in which the owner has a proprietary interest.
In order for the meeting to be properly closed under the Sunshine Law, the meeting must relate to one or more of the topics listed in the 15 subsections of Section 610.021. Without additional facts, it is not feasible for us to determine whether or not any of the 15 subsections apply to the meeting about which you are concerned.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General